# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ROBERT TAGLIONE, *et al.*,

    Plaintiffs,

vs.

CHARTER COMMUNICATIONS, LLC,

    Defendant.

Case No. 2:19-cv-528

Judge Sarah D. Morrison

Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings (ECF No. 20) and Plaintiffs' related Motion for Leave to File Second Amended Complaint ("Motion for Leave") (ECF No. 21). Plaintiffs have filed their Response to the Motion for Judgment on the Pleadings (ECF No. 23), and Defendant has filed its Reply (ECF No. 25). Regarding Plaintiffs' Motion for Leave, Defendant has filed its Response. (ECF No. 24.) Plaintiffs have not filed a Reply, and the deadline for doing so has passed. Both matters are now ripe for decision.

## I.    BACKGROUND

On January 11, 2019, Plaintiffs Robert Taglione and Andrew Lucas, as well as then-Plaintiff Nancy Baker, filed an age discrimination lawsuit against Defendant Charter Communications, LLC ("Charter") in state court. (Compl., ECF No. 2-1.) On February 15, 2019,

Charter timely filed a notice of removal in this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (Notices of Removal, ECF Nos. 1, 2.)

On March 14, 2019, the Magistrate Judge issued an order pursuant to the provisions of Federal Rule of Civil Procedure 16 directing, *inter alia*, that any motion to amend the pleadings be filed by May 15, 2019. (ECF No. 12, at 1.) In line with this deadline, on April 10, 2019, Plaintiffs filed an Amended Complaint eliminating Ms. Baker as a plaintiff. (Amended Compl., ECF No. 17.)

The Amended Complaint alleges that Mr. Taglione and Mr. Lucas suffered adverse employment actions by their then-employer Charter on account of their age. (*Id.* ¶ 30.) Plaintiffs have brought their claims under state law, specifically citing O.R.C. § 4112.99. (*Id.* at 5.) Mr. Taglione and Mr. Lucas claim to have been discriminated against by Ronald Johnson, Charter's Vice President of Inbound Sales. (*Id.* ¶¶ 8–9, 11–21.) Specifically, Mr. Taglione alleges that he was denied another position within the company and was forced to accept a "significant demotion" within a different department in order to retain his employment with Charter while avoiding Mr. Johnson's supervision. (*Id.* ¶ 15.) Mr. Lucas, in turn, alleges that he was forced into retirement. (*Id.* ¶ 20.) Beyond the factual allegations, the Amended Complaint demands a jury trial and requests damages for "lost pay and benefits," compensatory damages, punitive damages, attorney fees, and costs. (*Id.* ¶ 32, Jury Demand.)

## II.     ANALYSIS

Charter argues that even though Plaintiffs have brought their age discrimination claim pursuant to O.R.C. § 4112.99, because § 4112.99 has no substance, Plaintiffs must be bringing a claim under one of the substantive age discrimination provisions under Ohio law, § 4112.02 or § 4112.14. (Def. Mot. J. Pleadings, ECF No. 20, at 1–2.) Charter then assumes that Plaintiffs have

brought a claim under O.R.C. § 4112.02. The upshot to this argument is that if Plaintiffs have indeed brought their claims under § 4112.02, they are indisputably time-barred, which would require dismissal of Plaintiffs' now-recasted § 4112.02 claims. (*Id.* at 2.)

At the outset, Plaintiffs dispute Charter's premise that they have brought suit under § 4112.02. (Pl. Resp. to Mot. J. Pleadings, ECF No. 23, at 3–4.) Rather, they claim that they have pleaded a plausible claim for relief under § 4112.14. (*Id.*) In any event, Plaintiffs have filed a Motion for Leave to File Second Amended Complaint in an effort "to clarify this situation and move forward, rather than fighting about" the specific statutory basis for their claim. (Pl. Mot. for Leave, at 3.) Charter treats Plaintiffs' Motion for Leave as a concession to the merits of its Motion for Judgment on the Pleadings and argues that Plaintiffs have not established the requisite "good cause" to be able to file an untimely amendment to their Amended Complaint. (Def. Reply, ECF No. 25, at 1–2.)

    A.    **Motion for Leave to File an Amended Complaint**

Although Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings, when a motion to amend is brought after the deadline set within the court's scheduling order, a party must satisfy the standards of Rule 16(b)(4), in addition to Rule 15(a). *Carrizo (Utica) LLC v. City of Girard*, 661 F. App'x 364, 367 (6th Cir. 2016). As a result, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). In determining whether good cause exists, the primary consideration " 'is the moving party's diligence in attempting to meet the case management order's requirements.' " *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

The court also must evaluate whether the defendant would be prejudiced by the requested modification to the scheduling order. *Leary*, 349 F.3d at 909. However, even if an amendment would not prejudice the nonmoving party, a plaintiff must still provide good cause for failure to meet the deadline. *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010); *see also Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

Assuming that the proponent of a belated amendment demonstrates good cause under Rule 16(b)(4), a court will then evaluate the proposed amendment under Rule 15(a), *Leary*, 349 F.3d at 909, under which a party should be granted leave to` amend his or her pleadings "when justice so requires," Fed. R. Civ. P. 15(a)(2). Rule 15(a) sets forth a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

Plaintiffs acknowledge that nothing has changed since the May 15 deadline for amending its pleadings except for the intervening Motion for Judgment on the Pleadings. (ECF No. 21, at 3.) They use this fact to support their argument as to why justice requires that they be permitted to amend their Amended Complaint under Rule 15. (*Id.* at 3–4.) However, Plaintiffs fail to address Rule 16's good cause requirement—a prerequisite to the Rule 15 analysis—and how their concession effectively proves their lack of diligence and thereby a lack of good cause. That is, if the facts are the same now as they were before the May 15 deadline, there is no reason why Plaintiffs could not have and should not have amended their Amended Complaint sooner. Rather, Plaintiffs have only now sought to amend their pleading in an effort to remedy the questions

raised by Charter's Motion for Judgment on the Pleadings. This does not demonstrate the requisite diligence to prove good cause under Rule 16.

The Court must also determine whether Charter would be prejudiced by permitting the requested amendment, although such prejudice is not determinative. Charter argues that it would be prejudiced by the proposed amendment based on the time and expense that it has already devoted to defending a § 4112.02 claim. (Def. Response to Mot. for Leave, ECF No. 24, at 7.) This argument is without merit in light of the breadth of Plaintiffs' Amended Complaint. Charter should have been on notice, and prepared to defend, a claim under either § 4112.02 or § 4112.14.

In any event, Plaintiffs' failure to prove good cause is dispositive. The Motion for Leave is **DENIED**.

### B.     Motion for Judgment on the Pleadings

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed in the same manner as a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). All allegations in the plaintiff's complaint are construed in the light most favorable to him/her, with all allegations accepted as true and all reasonable inferences drawn in the plaintiff's favor. *Bullington v. Bedford Cty.*, 905 F.3d 467, 469 (6th Cir. 2018). In addition to the allegations in the complaint, the reviewing court may consider exhibits attached to the complaint. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008).

"To overcome a defendant's motion, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Bullington*, 905 F.3d at 469 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The motion should be granted when

there is no material issue of fact and the moving party is entitled to judgment as a matter of law. *Tucker*, 539 F.3d at 549.

Ohio has three discrimination statutes that are relevant to this case—O.R.C. §§ 4112.02, 4112.14, and 4112.99. Section 4112.99 is a general anti-discrimination law that provides that anyone who violates the anti-discrimination laws "is subject to a civil action for damages, injunctive relief, or any other appropriate relief." Ohio Rev. Code Ann. § 4112.99 (West 2019). However, this statute is effectively a nullity in the age discrimination realm. The Ohio Supreme Court has decided that § 4112.99 is a general gap-filling provision that only provides a remedy for discrimination that is not covered elsewhere within Chapter 4112. *Meyer v. United Parcel Serv., Inc.*, 909 N.E.2d 106, 112 (Ohio 2009). As a result, because age discrimination claims are specifically addressed in §§ 4112.02 and 4112.14, § 4112.99 has no role to play with regard to age discrimination claims. *Id.* Accordingly, "if an age-discrimination claim is filed solely pursuant to R.C. 4112.99, that statute does not govern the specifics of the claim . . . ." *Id.* at 113. Rather, an age discrimination claim brought pursuant to § 4112.99 must necessarily be litigated under the substantive provisions of one of the other two age discrimination statutes. *Id.*

Given this, it must be the case that Plaintiffs have pleaded a claim that is substantively equivalent to § 4112.02 and/or § 4112.14. Charter insists that it must be one or the other, relying on the fact that these statutes are mutually exclusive. (ECF No. 20, at 6.) But the statutes are only mutually exclusive in the sense that filing under one provision precludes the ability to subsequently file under the other. *See* Ohio Rev. Code Ann. §§ 4112.02(L); 4112.14(B). These statutes can, however, be pleaded *simultaneously*, at least initially, as alternative theories of recovery. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 513 (6th Cir. 2001); *Raub v. Garwood*, No. 22210, 2005 WL 662932, at *3 (Ohio Ct. App. Mar. 23, 2005).

6

That is not to say that a plaintiff can go to trial never laying out one cohesive theory of the case. It is acceptable for a plaintiff to plead both statutes in the alternative, later electing his/her sole remedy when faced with a motion seeking to dismiss his or her claim. *See Wood v. Summit Cty. Fiscal Office*, 377 F. App'x 512 (6th Cir. 2010) (finding that it may be permissible for a plaintiff to bring a claim under §§ 4112.02, 4112.14, and 4112.99 simultaneously but that he or she must make an election after defendant files a motion to dismiss); *Raub*, 2005 WL 662932, at *3 ("We agree with the Sixth Circuit and hold that although it is permissible to plead R.C. 4112.02, R.C. 4112.14 and R.C. 4112.99 simultaneously, and in the alternative, an aggrieved employee must elect his sole remedy when an employer files a motion to dismiss.").

Charter argues that based on the differences between §§ 4112.02 and 4112.14 and the content of the Amended Complaint, it must be the case that Plaintiffs have brought their claim under § 4112.02. (ECF No. 20 at 2.) This argument relies on a series of assumptions that are not supported by the Amended Complaint or the law.

Sections 4112.02 and 4112.14 have four primary differences—1) their substantive breadth, 2) their remedies, 3) the right to a jury trial, and 4) their statutes of limitations. First, with regard to their substantive breadth, § 4112.02 is more sweeping. It makes it illegal for employers "to discharge without just cause, to refuse to hire, or otherwise to discriminate against [a] person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment" on account of a person's age. Ohio Rev. Code Ann. § 4112.02(A). Section 4112.14, however, only protects individuals aged forty and older and only protects these individuals from being "discharge[d] without just cause" or from employment discrimination with respect to "any job opening." *Id.* § 4112.14(A).

Given this substantive difference, Charter argues that Mr. Taglione's "constructive demotion" claim is not actionable under § 4112.14 and so his claim must have been brought under Section 4112.02.[1] To support this argument, Charter cites one non-precedential case dealing with a reduction in employee work hours and termination of employees' health insurance. *See Massung v. Cracker Barrel Old Country Store, Inc.*, No. 3:13CV02664, 2014 WL 7330585 (N.D. Ohio Dec. 18, 2014). These facts are not comparable to Mr. Taglione's allegations, so this case is not persuasive.

Taking his allegations in the light most favorable to him, Mr. Taglione alleges that he applied for another job within Charter but was denied. (ECF No. 17 ¶ 15.) He also alleges that he was forced to accept a demotion in order to salvage his employment. (*Id.*) Even putting aside whether the latter allegation is actionable under § 4112.14, the former certainly is. Mr. Taglione alleges that he was "discriminate[d]" against when he applied for a "job opening" on account of his age. Such an allegation falls within the plain language of § 4112.14(A). The Court rejects Charter's argument that the substantive scope of the Amended Complaint indicates that Plaintiffs have brought their claim under § 4112.02.

Second, §§ 4112.02 and 4112.14 provide for different remedies. Section 4112.14 does not provide for compensatory or punitive damages. *Hoops v. United Tel. Co. of Ohio*, 553 N.E.2d 252, 256 (Ohio 1990). It does, however, allow for costs and attorney's fees, as well as for "lost wages" and "lost fringe benefits." Ohio Rev. Code Ann. § 4112.14(B); *see Holda v. Skilken Props. Co.*, Nos. CA-2768, CA-2778, 1991 WL 12813, at *2 (Ohio Ct. App. Jan. 23, 1991) (allowing lost wages award even if plaintiff employee is not reinstated). A plaintiff suing under § 4112.02 is entitled to any legal or equitable relief, including compensatory or punitive damages.

---

[1] Charter does not dispute that Mr. Lucas has a right to bring his constructive discharge claim under § 4112.14.

*Campolieti v. Cleveland Dep't Pub. Safety*, No. 99445, 2013 WL 6175207, at *7–*8 (Ohio Ct. App. Nov. 21, 2013). It does not appear that § 4112.02 permits an award of attorney's fees. *Compare Wilborn v. Bank One Corp.*, 906 N.E.2d 396, 400 (Ohio 2009) ("Attorney fees may be awarded when a statute or an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees or when the prevailing party demonstrates bad faith on the part of the unsuccessful litigant." (internal citations omitted)), *with* Ohio Rev. Code Ann. § 4112.02 (not providing for an award of attorney's fees).

While some of the remedies pleaded in the Amended Complaint may be consistent with a § 4112.02 claim and inconsistent with a § 4112.14, and vice versa, Charter provides no persuasive explanation for why this matters. Charter, for example, cites no cases holding that pleaded remedies should be used to clarify the theory of liability in a complaint. The Court is skeptical that this is even practical given the Federal Rules of Civil Procedure's explicit allowance for pleading alternative demands for relief. *See* Fed. R. Civ. P. 8(a)(3); *cf.* Fed. R. Civ. P. 54(c) (allowing court to grant any relief to which a party is entitled, even if not demanded in pleadings); *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 726 (8th Cir. 2014) (noting that a party can plead alternative theories of liability but simply cannot recover twice).

Third, Charter is correct that § 4112.02 contains a jury trial right, whereas § 4112.14 does not. *Hoops*, 553 N.E. 2d at 256–57. However, while the Amended Complaint contains a jury demand, the Court does not agree with Charter that this means that Plaintiffs have necessarily brought a claim under § 4112.02. It is equally likely that Plaintiffs have erroneously requested a jury trial under a statute that does not provide for one, § 4112.14.

Finally, the last difference between §§ 4112.02 and 4112.14 is the applicable statute of limitations. Claims brought pursuant to § 4112.02 have a 180-day statute of limitations, *id.* §

9

4112.02(L), while the statute of limitations under § 4112.14 is six years, *Meyer*, 909 N.E.2d at 118 n.11. Here, Charter flips the script. With the other three differences, Charter assumes that Plaintiffs made no legal error, having correctly pleaded the substance, the remedies, and the jury trial right comprising a § 4112.02 claim. With this final difference, Charter assumes, without explanation, that Plaintiffs have indeed made a legal error by asserting a time-barred claim.

The legal flaws that Charter fusses over are with respect to ancillary aspects of Plaintiffs' claims, such as the damages requested or the request for a jury trial. These flaws have nothing to do with the actual legal sufficiency—the *elements*—of the claims alleged in the Amended Complaint. Such nits are more appropriate for a motion to strike[2] than a motion for judgment on the pleadings, which is concerned with the factual and legal sufficiency of a claim, not the legal perfection of a claim. *See Johnson v. City of Shelby*, 135 S. Ct. 346, 346–47 (2014) (per curiam) (holding that Rule 8 is focused on pleading factual sufficiency of a claim rather than a perfect statement of the law); *Abrams v. Nucor Steel Marion, Inc.*, 694 F. App'x 974, 983 (6th Cir. 2017) ("A plaintiff's complaint need not contain a formal legal theory of the harm alleged" but rather it need only "provide defendants with sufficient notice of the type of harm alleged."). The Plaintiffs are the masters of their Complaint, and their claim cannot be recharacterized by Charter to suit its own purposes. *Cf. Roddy v. Grand Trunk W. R.R.*, 395 F.3d 318, 322 (6th Cir. 2005) (stating that a plaintiff's state law claim cannot be "recharacterized" as a federal claim for purposes of removal).

The Amended Complaint is not crystal clear as to the specific statute forming the basis for Plaintiffs' claims, but this is not fatal. Under Rule 8, Plaintiffs were only required to plead "a short and plain statement of the[ir] claim showing that [they are] entitled to relief . . . ." Fed. R.

---

[2] Based on the concessions that are implicit in their proposed Second Amended Complaint, it appears that Plaintiffs would consent to striking their jury demand and some of their requested damages. (ECF No. 21-1, at 6.)

Civ. P. 8(a)(2). This Rule concerns the sufficiency of the *factual* allegations of a complaint, not the statement of the law. *Johnson*, 135 S. Ct. at 347. Federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Id.* at 346. Plaintiffs need only inform Charter "of the factual basis for the[] complaint" in order to ward off a motion for judgment on the pleadings. *See id.* at 347. Furthermore, Plaintiffs are entitled to the benefit of the doubt, not only under the Federal Rules of Civil Procedure, but also under Ohio's anti-discrimination laws. *See* Ohio Rev. Code Ann. § 4112.08 ("This chapter shall be construed liberally for the accomplishment of its purposes . . . .").

Plaintiffs have now clarified that they are proceeding under § 4112.14 as their theory of liability. To the extent that any aspects of the Amended Complaint are inconsistent with this theory, Charter may move to strike these aspects. However, Charter is not entitled to judgment on the pleadings.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Leave to File Second Amended Complaint is **DENIED**, and Defendant's Motion for Judgment on the Pleadings is **DENIED**.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**