## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ROBERT TAGLIONE,**
*et al.*,

    **Plaintiffs,**

                  **Case No. 2:19-cv-528**

    vs.                      **Judge Sarah D. Morrison**

                            **Chief Magistrate Judge Elizabeth P. Deavers**

**CHARTER COMMUNICATIONS,
LLC,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant's request for costs pursuant to Rule 54(d). (ECF No. 46.) Plaintiffs filed a Response to Defendant's Bill of Costs (ECF No. 50), and Defendant filed a Reply (ECF No. 51). This matter is now ripe for decision.

**I.    BACKGROUND**

On January 11, 2019, Plaintiffs Robert Taglione and Andrew Lucas, as well as then-Plaintiff Nancy Baker, filed an age discrimination lawsuit against Defendant Charter Communications, LLC, ("Charter") in state court. (Compl., ECF No. 2-1.) After Charter removed the case to this Court, (Notices of Removal, ECF Nos. 1, 2), Plaintiffs filed an Amended Complaint eliminating Ms. Baker as a plaintiff, (Amended Compl., ECF No. 17). Ms. Baker was eliminated as a plaintiff after Charter notified her that her claims were required to be arbitrated. (Resp. to Bill of Costs, at 5, ECF No. 50.)

In the course of discovery, the parties deposed seven witnesses. Plaintiffs and Ms. Baker were deposed in January 2020. (ECF No. 46-1.) Tanya Joseph, Rhonda Hatfield, John Walker, and Ronald Johnson were deposed in February 2020 (the "February depositions"). (*Id.*) The parties' dispositive motion deadline was March 30, 2020. (ECF No. 28.)

On May 28, 2020, the Court granted summary judgment to Charter. (ECF No. 44.) Plaintiffs have appealed this summary judgment order. (ECF No. 48.) The appeal remains pending.

## II.   STANDARD OF REVIEW

Pursuant to Rule 54(d)(1), costs generally "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Allowable costs include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . ." 28 U.S.C. § 1920(2). Rule 54 creates a presumption that costs be taxed, and it is the objecting party's burden to establish why a requested cost is improper. *Freeman v. Blue Ridge Paper Prods., Inc.*, 624 F. App'x 934, 938 (6th Cir. 2015). A trial court has discretion to deny costs in appropriate circumstances, including "'cases where taxable expenditures by the prevailing party are unnecessary or unreasonably large, cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, and cases that are close and difficult.'" *Id.* (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)).

## III.   ANALYSIS

Charter has filed a Bill of Costs seeking to recoup the costs of the seven depositions taken in this case. (ECF No. 46.) At the outset, Plaintiffs request that the Court delay ruling on the Bill of Costs due to the pending appeal. (ECF No. 50, at 1.) Plaintiffs then object to two types of

costs requested by Charter, the costs of videotaping the depositions for Plaintiffs and Ms. Baker and the costs of the rough draft transcripts for the February depositions. (*Id.* at 2–4.) Finally, Plaintiffs argue that the total costs should be reduced by 1/3 based on a purported agreement to share discovery costs between this case and Ms. Baker's arbitration case. (*Id.* at 5.)

Plaintiffs cite no authority in support of their request to delay a decision pending appeal. From an efficiency standpoint, such a delay is imprudent because it could potentially result in two appeals on two different tracks. Deciding the costs issue now, on the other hand, would allow any appeal from this decision to be consolidated with the merits appeal. *See, e.g.*, *Banks v. Bosch Rexroth Corp.*, No. 5:12-345-DCR, 2014 WL 4384463, at *3 (E.D. Ky. Sept. 3, 2014), *aff'd*, 611 F. App'x 858 (6th Cir. 2015) (per curiam); *Holley v. Giles Cty.*, No. 1:03-0071, 2005 WL 2230081, at *2 (M.D. Tenn. Sept. 12, 2005). The Court declines to delay awarding costs.

### A. Costs of Videotaped Depositions

Turning to their specific cost objections, Plaintiffs first argue that Charter is not statutorily permitted to recover both stenographic and videotaped costs for the same deposition and that, in any event, such purportedly duplicative costs were not necessary. Beginning with the statutory argument, Plaintiffs point to the language of § 1920, which allows for recovery of costs of "printed *or* electronically recorded transcripts" not "printed *and* electronically recorded transcripts." (ECF No. 50, at 2.)

This argument is specious. It ignores the fact that while "or" generally carries with it a disjunctive meaning, that meaning can be overcome by statutory context. *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1141 (2018). While the Sixth Circuit has not squarely addressed the issue, it has previously affirmed a district court decision allowing for recovery of all deposition expenses, including both transcripts and video services. *See BDT Prods, Inc. v.*

3

*Lexmark Int'l, Inc.*, 405 F.3d 415, 419–20 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012).[1] And the circuit courts to have specifically addressed whether § 1920 allows for recovery of the costs of both printed and electronically recorded transcripts of the same deposition agree that it does. *See TCR Sports Broad. Holding, LLP v. Cable Audit Assocs., Inc.*, 674 F. App'x 805, 809 (10th Cir. 2017); *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015); *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1370 (Fed. Cir. 2011).

      Plaintiffs next argue that videotaped depositions were not necessary in this case because there was no risk that Plaintiffs or Ms. Baker would not have appeared at trial. (ECF No. 50, at 3.) Charter responds that it opted to videotape these three depositions not out of nonappearance concerns but to ensure that the credibility of these three key witnesses could be fully evaluated by the jury in the event of impeachment. (Reply to Bill of Costs, at 7, ECF No. 51.) This explanation is persuasive. *See Castillo v. Roche Labs., Inc.*, No. 10-20876-CV, 2012 WL 381200, at *4 (S.D. Fla. Feb. 6, 2012) (finding that videotaped depositions were necessary for jury to assess credibility of key witnesses); *cf. Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989) ("Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling."). This explanation is also supported by the fact that Charter only opted to videotape these three witnesses out of the seven. Finally, Plaintiffs have not put forth evidence that they ever objected to the format of these depositions at the time they were taken. *See Castillo*, 2012 WL 381200, at *4. Plaintiffs have not met their burden to prove that these costs should not be taxed against them.

---

[1] Indeed, other circuit courts have cited *BDT* to support their holdings that both stenographic and videotaped costs are recoverable for the same deposition. *See Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015); *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1370 (Fed. Cir. 2011).

Given this analysis, Charter's decision to videotape these three depositions was statutorily permissible and was reasonable under the circumstances. However, there is a portion of these costs that does not appear necessary or reasonable. The Bill of Costs shows that three DVDs were ordered for Mr. Lucas's and Ms. Baker's depositions at a cost of $225 for each set of three, but four DVDs were ordered for Mr. Taglione's at a cost of $600. (ECF No. 46-1, at 4, 8, 11.) Charter offers no explanation for why an additional DVD was necessary for Mr. Taglione's deposition, particularly given that this additional DVD resulted in a price that was more than twice that of the set of three DVDs ordered for the other two depositions. This additional $375 is disallowed.

### B. Costs of Rough Drafts

Plaintiffs also object to the costs of the rough draft transcripts for the February depositions. Plaintiffs contend that these depositions were taken well in advance of the dispositive motion deadline and that these rough drafts were ordered for Charter's convenience rather than out of necessity. (ECF No. 50, at 4.) This argument is not supported by the facts. All four of these depositions occurred within six weeks of the dispositive motion deadline, so expediency was paramount. Because of the late date of these depositions, Charter did not receive these rough drafts until March 11, 2020, less than three weeks before the dispositive motion deadline. (Joseph Ozmer Decl. ¶ 6, ECF No. 51-1.)

In addition, as Charter points out, obtaining rough drafts was less convenient because it forced Charter's counsel to later reconcile page and line numbers between the draft versions and the final versions. (*Id.* ¶ 7.) Moreover, in obtaining drafts rather than expedited final transcripts, Charter saved $647.53. (*Id.* ¶ 8.) These costs were reasonable and necessary, and they are allowable.

### C. Splitting the Costs with the Baker Arbitration

Plaintiffs contend that costs should be divided between this case and Ms. Baker's arbitration because they claim there was an agreement to share discovery costs. (ECF No. 50, at 5.) Plaintiffs cite no evidence for this proposition, a proposition that Charter denies. (Ozmer Decl. ¶ 9.) Nor do Plaintiffs cite any law to support the idea that costs should be shared short of any such agreement.

As Charter points out, Plaintiffs do not identify any costs that would not have been incurred even if Ms. Baker's case had not been subject to a separate arbitration. (ECF No. 51, at 11.) In fact, Plaintiffs emphasized throughout these proceedings the importance of the facts of Ms. Baker's case to the adjudication of Plaintiffs' cases. (*See* Andrew Lucas Resp. to Def. Mot. for Summ. J., at 1, ECF No. 41 ("Facts regarding Nancy Baker . . . are included to provide pattern, context and reasons for [Plaintiff's] reasonable belief he was being groomed for discharge by Charter."); Robert Taglione Resp. to Def. Mot. for Summ. J., at 1, ECF No. 40 (same).) If Plaintiffs believe that Ms. Baker should be responsible for some of the costs in this case, they must seek relief from her in a separate action.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs are taxed $13,830.15 of the costs sought by Defendant.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**